IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-845-FL

| QUANCIDINE HINSON-GRIBBLE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| CLAUDE MARTIN PURVIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the memorandum and recommendation ("M&R") of Magistrate Judge James E. Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint on frivolity review under 28 U.S.C. § 1915(e)(2)(B). Plaintiff timely objected to the M&R. (DE 14). In this posture, the matter is ripe for ruling. For the reasons stated herein, the court adopts the M&R as its own and dismisses the complaint as frivolous.

**BACKGROUND**

On October 11, 2016, plaintiff filed an application to proceed in forma pauperis ("IFP") and a proposed complaint with exhibits, asserting claims against defendant arising from his representation of her then husband, the late Robert Gribble,[1] in a divorce proceeding against plaintiff in the Chancery Court of DeSoto County, Mississippi. Plaintiff alleges that defendant's fraudulent

---
[1] Mr. Gribble passed away on November 18, 2011. (DE 1-1 at 2).

actions during the course of the divorce proceedings caused her substantial pain and suffering and exposed her to identity theft. Plaintiff seeks compensatory damages in the amount of $10,000,000.00, as well as injunctive relief.

On March 30, 2017, the magistrate judge granted plaintiff's IFP petition and issued an M&R, recommending dismissal of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B). Specifically, the magistrate judge recommends dismissing plaintiff's claims for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, pursuant to District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Alternatively, the magistrate judge recommends dismissing plaintiff's claims as barred by the applicable statute of limitations. See e.g., Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 955 (4th Cir. 1995). Plaintiff filed an objection to the M&R on April 6, 2017.[2]

## DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in

---

[2] After plaintiff filed her objection, she filed two identical objections, styled as responses to the M&R. (DE 16; 17).

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neizke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Plaintiff raises a general objection that does not direct the court to a specific error in the M&R. Rather, plaintiff's objection reiterates her claims against defendant, again explaining how defendant's allegedly fraudulent actions in the state court divorce proceedings injured her.

Upon considered review of the M&R and the record in this case, the court adopts the analysis and conclusions of the M&R. The court finds that plaintiff's general objection provides no reason to disturb the cogent analysis in the M&R. Under the Rooker-Feldman doctrine, district courts are divested of subject matter jurisdiction to hear actions "brought by state-court losers complaining of

injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgements." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine applies "when the loser in state court files suit in the federal district court seeking redress for any injury allegedly caused by the state court's decision itself." Davani v. Va. Dep't of Transp., 434 F.3d 712, 713 (4th Cir. 2006). In this case, after the divorce proceedings concluded, plaintiff filed a petition to set aside the divorce decree. (Attachment A, DE 12 at 12–14). On December 20, 2012, the Chancery Court of DeSoto County dismissed the petition with prejudice. (Attachment B, DE 12 at 16). Accordingly, plaintiff's claims seeking to have the court review the state court's entry of divorce, and decisions related thereto, must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Based on the foregoing, and upon de novo review of the M&R and the record in this case, the court ADOPTS the recommendation of the magistrate judge. Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The clerk is DIRECTED to close this case.

SO ORDERED, this the 22nd day of May, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge